Case of the Day, Farley v. Koepp, 18-1695 Mr. Gomorrah, whenever you're ready. You may proceed. May it please the court. My name is Tom Gomorrah, counsel for plaintiff and appellant Daniel Farley. The issue in this case is whether or not a delivered complaint via email to the court clerk is sufficient to constitute a filing to arrest the statute of limitations. In this case, the plaintiff had filed underlying claims of 1983 claims arising from an arrest on March 9th of 2011. Because the statute is two years, it's undisputed it's two years. The March 9th of 2013 fell on a Saturday. On Friday, March 8th, the plaintiff had submitted a PDF file of the entire complaint along with a civil cover sheet in accordance with the local rules of the Southern District of Illinois. Those were submitted to that court. The court clerk received those, responded to those, opened up a case file, sent out a notice of consent for magistrate. And on Monday, plaintiff's counsel essentially contacted the clerk and was informed that the complaint needed to be filed or submitted up through the ECM system that had been opened up, once it had been opened up. Right, because once the initial paperwork, everything was filed, this notice was sent back, as I understand it, right away, saying the documents have to be electronically filed in a certain way and then very clearly bolded in the big second paragraph, which says even though a file has been opened in the clerk's office, the complainer notice of removal is not deemed filed unless it's transmitted to the ECF system. Yes. Which is a big problem. Well, and that was mistakenly, it was interpreted to meaning that because it was unfiled, this had to be used to put it into the ECM system. So the question before this court is whether or not the case, the complaint was tendered or delivered to the clerk of the court. I think this court has held, and I think three cases control this issue, Robinson v. Doe, Farzana v. Indiana, Board of Education, and US v. Harvey. And beginning with Robinson v. Doe, basically it stands for the proposition under rule, at that time it was rule 5E, a clerk of the court cannot reject or deny the attempt to file a document, essentially because it does not comply with form, central form, and local rules are these rules. Also under rule 83A2, the local rule imposing a requirement to form must not be enforced to cause a party to lose a right without a non-willful failure to comply. So in Robinson v. Doe, that had to do with a prisoner case, filed the complaint, it was rejected because he didn't put in the filing fee. In Farzana and US v. Harvey, I think those are much more actual in this case. In Farzana, the counsel attempted to file it electronically, that put the wrong docket number on it, it was rejected because of the electronic filing system, and then they put the right document number on it, it was accepted, but at that point it was late. Now, in US v. Harvey, drawing on Farzana, in that case, the notice of appeal had been filed electronically, but under the local rules, the clerk advised the party that it needed to be filed in a hard copy. The party did not do that for two months. So this court held that, drawing on Farzana, that under rule 5E, at that time, again, we're looking now at 5D4, which is the same language, the clerk shall not accept for filing, shall not reject a filing, that just because of mere form, and it held that where they had filed electronically, and it had complied with all the elements necessary for the notice of appeal, and it had in fact been delivered to the clerk, just because it wasn't in paper form, that's an error in form. This way is very similar in that there's no dispute that the clerk of the court had the entire complaint and a civil cover sheet. The entire complaint was in the possession of the clerk of the court. They have a procedure in that court that does require that you file it then through the ECF system, and the docketing shows that this case was opened up on March 8th via having them have the actual complaint in the possession of the clerk of the court. So under the holdings in Farzana and under U.S. v. Harvey, once it's tendered and received by that court, that arrests the statute of limitations, and it's a fairly narrow holding, I think, because we're just talking about the statute of limitations, arresting that, because under Rule 83A2, that prescribes that you cannot deny somebody a right, in this case, arresting the statute of limitations, merely because you failed to comply with the form of the filing. But it says it's filed. You said it's received. If you define received as just getting there and not filed, because that's what the rule says, then he could have continued that same day and didn't need to go home. He could have continued and filed the complaint just as it was set out. And, Your Honor, And he did get around to it until the following Tuesday. There's the way the system is set up because once you try to electronically file it, if you can't pay it at that point or for some reason it takes you to a payment page, you are stopped from doing anything further until payment is made in the manner that this ECM system is set up. It takes you to a payment page, and you have to make a payment, and there is a concern about the manner of payment. Payment was unable to be made. And so the following day it was made. And we're not seeking to have this case remanded, the order revocated, on equitable tolling. This is not a matter, you know, notwithstanding the fact, and it's in our brief, that the court's manual talks about when filing a new case by email, and it speaks of that nature. It certainly talks about all attorneys must submit cases by email. And when filing a new case by email, it must be sent in PDF. The question for the court should be under Farzana and U.S. v. Harvey, was the clerk in possession of the complaint? So if we adopt your position, I mean, give me some kind of rule. Do you think that if five days later you comply with the ECF system, that it would be okay? Or ten days later? I mean, because, you know, we're talking about the integrity of the local rules. Yes. Yes, Your Honor. I think, and certainly once it's filed, if there's a mistake with the manner in which it's filed, I believe it's in Farzana where it talks about the Supreme Court had noted that you can file a wrong court. That arrests the statute of limitations, and you give reasonable time to get it fixed. And generally the courts have looked at, like, when you have to pay the filing fee. That's a reasonable time. Certainly two days later I don't think is unreasonable. Now, I think that there are other courts in the federal system, in fact, in the state central district, where you can file it by email. So there is some confusion. I think that the court doesn't draw – this only limits to with the filing of complaints. I think if you look at the cases cited by defendants, as far as I can tell from all of them, there was a failure to actually file the triggering document, whether it be a notice of appeal or an actual complaint. This is not a situation where we opened a shell by filing a civil cover sheet. The actual complaint in its entirety was in possession of the court. So that in and of itself should arrest the statute of limitations. The – and I guess that's what I want to get to. Another point I want to make sure I make is that in the defendant they talk about Rule 41, that we failed to comply with the clerk's order. This was two days later. It certainly was an oversight, you know, and we're not saying equitable tolling, that we – and I'm not disputing that we did not strictly comply with the local rule. What we're saying is the local rule cannot be used in this case to prevent the plaintiff from arresting the statute of limitations if we, in fact, tendered it to them. It would be, for instance, much like in U.S. v. Harvey. They had sent it through electronic filing. That was not permissible under the local rules. As I read that case, it had to be filed under a hard copy. They did not do that for two months. But in that case, this court held that that had arrested the statute of limitations. Was it provided to the clerk of the court? That's all that needs to be done. If it's done in a manner that whether it's in a paper form or electronic form, it arrests the statute of limitations. In fact, I suggest that if it had plaintiff filed it by paper, walked in and tried to file it, that, in fact, would have arrested it. And I would like to point out one other distinction. Defendants do draw a distinction on the fact that this wasn't, quote, unquote, rejected. What I would say is that not acting on it and rejection are one and the same. I mean, in fact, this wasn't rejected. It was accepted by the clerk and acted upon in opening up the case file. Do you want to save your last minute for rebuttal? Yes. Okay, thank you. Thank you, Your Honor. Ms. Phillips? Erin Phillips, Your Honors, on behalf of the five appellees in this matter who have filed a joint brief. Again, we are asking that this court affirm the district court's dismissal of the underlying complaint pursuant to Federal Rule 12b-6. What I'd like first to go to is to, in fact, distinguish what appellant's counsel has just stated. I think there are a number of differences to be addressed and noted between the circumstances of the various cases that he has relied upon. First of all, with the Farzana case, Farzana was factually a different circumstance. What actually occurred in the Farzana case was that the plaintiff sought to file a complaint, did so through the ECF system, but did so on a prior case that had been dismissed. What then happened was the ECF system automatically dismissed, kicked that complaint from its system. And the ruling by the court there was that the ECF system couldn't decide, make that determination, that, in fact, it was improper for it to have done so. But the distinguishing factor is we had gotten to the point in Farzana that a case had been filed on the ECF system. Appellant's counsel parses the terms of a shell of a case or rejection, but that's the exact key focus for this court. That was not the key focus. The key focus was that the complaint was delivered to the clerk electronically and the computer kicked it back. It was not, the decision did not turn on the niceties of the ECF system. In your honor, if I may. Or the local rules. If I may, what I believe the distinction is there is that you had a process similar to what we have here. There was a delivery to the clerk via an email, which opened the shell. And that's what the case law out of the Southern District and some other cases have pointed to, is they term that as a shell of a case. That then under Rule 3, both under the federal rule, which says we're filed once the complaint's delivered to the court, and the local rule that determines how that delivery is made, that then what has to happen is that the notice of electronic filing is generated, and that notice of electronic filing allows the case to be uploaded to the ECF system. And that would be the distinguishing factor between this case and Farzana. In Farzana, that case was uploaded to the ECF system. Both cases involve a failure of the electronic filing. I mean, that's the material point for purposes of the statute of limitations issue. Farzana involved a failure of the electronic filing because the computer rejected the complaint. And here there's a failure of electronic filing by the deadline because of the intervening step of having to submit first by PDF to the email address in order to open an ECF case number. And, Your Honor, again, I think that the focus here is that term rejection. There was no rejection by the clerk's office in this case. The clerk's office received the complaint via the email on Friday, March the 8th. The notice of electronic filing was generated at 511 p.m. on Friday, March the 8th. What then transpired is that the case was not uploaded to the ECF system until Tuesday, March the 12th. I understand what happened in the case. But in both cases we have a failure to comply with all of the terms and conditions of the electronic filing system for one reason or another here and in Farzana. And in the Robinson case, there's a similar failure to comply with the rules for the formal rules for filing. And the court said that doesn't matter as long as the document is transmitted to the clerk's office, is delivered in the term that's used in the rule, in Rule 5, that's good enough. And we don't kick cases on statute of limitations grounds based on failure to comply with various rules-based formalities. I mean, that's the rule of law that comes out of this line of cases. And, yes, Your Honor, with respect to the Robinson case, another issue to be considered there is the timing of when the Robinson decision came down in comparison to when the ECF system has been in place and utilized in the Southern District. The ECF system has been in place since January of 2004 in the Southern District of Illinois. Since that time, civil cases in which a plaintiff is represented by an attorney have been required to be filed through this process. Right, and that argument might make a difference if we were in the domain of equitable tolling, but we're not. We're just interpreting what the rule that is Rule 5 requires and what it takes to satisfy it. And our case law disregards mistakes of formality for purposes of determining when the statute of limitations is arrested. See, the rationale in Robinson, you can't get around, you can't give us a reason why that shouldn't apply. I understand you're trying to say that was pre-ECF, now we're in the ECF world, but the rationale was one of fairness and given the significance of the statute of limitations and the impact it has because the plaintiff's case is totally gone. I mean, why shouldn't we apply that rationale here? In those cases, what the court had looked to, as the appellant's counsel indicated, was Rule 5E, which is now Rule 5D4. The focus of some of those cases have talked about that 5D4 is set up to not reject a complaint for matters of formality in form. For example, there's cases that say that a clerk can't look to a complaint and say that it doesn't satisfy the pleading requirements of Rule 8A, that that's not within their auspices. Again, it is our position that if you look to this focus, the clerk never made a rejection here. There is nothing in the record that indicates that the clerk rejected anything in this matter. The clerk did not allow or prevent or did not prevent the appellant from proceeding forward and uploading the complaint to the ECF system. The ECF system never barred the appellant from uploading that document to the system. In fact, it simply did not occur until Tuesday, March the 12th. That is the distinguishing factor. There's been no overt act by the clerk to prevent the appellant from perfecting the filing. There's been no overt act by the clerk to reject or send back the complaint after the time of filing. Rather, what has occurred here was the complaint was uploaded. It was uploaded on Tuesday the 12th and only pursuant to this process, and the motion to dismiss was later dismissed. And that is a distinguishing factor between these other line of cases where the clerk- There was no rejection by the clerk in the Harvey case. And in the Harvey case, there was an uploading of the appeal to the ECF system, and there was a requirement that there also had to be a hard copy, and that part of the rationale was that it had completed the filing as defined because the filing was the uploading of the document to the ECF system. That's the hurdle that is never accomplished here until the day after the statute in light of and in comparison to these other cases. That's the hurdle that's not accomplished or overcome is that actual uploading to the system. And I know that your honors have addressed the fact that this isn't an equitable tolling, but that's the consideration here is what was being prevented, what prevented appellant from being able to upload that document to the system before Tuesday the 12th. Again, the shell was opened on Friday, March the 8th. The filing process would have allowed for any of those days, potentially between Friday, March the 8th and Monday, March the 11th, even over the weekend for that document to be uploaded, which, again, is different than these other cases where the clerk's office has rejected the document after the deadline for filing and prevented the plaintiff from moving forward. That is the distinction between these areas is, in this case, nothing prevented the appellant from Friday, March the 8th through the end of the day on Monday, March the 11th, from uploading that document to the ECF system to complete filing pursuant to the local rule, which then accomplishes what Rule 3 establishes, that the complaint is filed when it's delivered to the court. And it doesn't say when it's delivered to the clerk. It says when it's delivered to the court. And in this circumstance, the Southern District's rules clearly set forth that delivery to the court is accomplished by making that uploading to the ECF system. Rule 5 says delivery to the clerk. And it says Rule 5 says a paper is filed by delivering it to the clerk. Yes, Your Honor. Rule 3 states that a civil action is commenced by filing a complaint with the court, which here Local Rule 3.1 defines that delivery to the court as being uploaded through the ECF system. Just similar, and in terms of the parameters and what this impacts, it also would be similar to a notice of removal and the process to remove such a complaint to the federal court that you would have to comply with the same parameters within those time frames. Again, FRCP 3 does state a complaint is commenced by filing with the court. How does that square with what Rule 5 says? Rule 5 addresses that a paper is filed by delivering it to the clerk, which appears to reference any type of document, a motion, a pleading in nature that can be filed with the court, but that Rule 3 controls when a complaint is actually commenced for a civil action purposes under Rule 3. What's the distinction between the court and the clerk as between Rule 3 and Rule 5? Under the local rules of the Southern District, it would then revert back to how a filing is accomplished of a civil complaint, which returns to uploading to the ECF system. So your argument is that this is not even a Rule 5 case? Your Honor, our argument is that the focus is on Rule 3 and what triggers when a civil complaint is commenced, and then there are the implications to be considered under what Rule 5 says, but the true focus is how is a civil case commenced, and Rule 3 of the FRCP is the first that we look to, and then supplement that with the local rule of Rule 3.1 of the Southern District. So Rule 5 has no role to play in this particular case, even though it had a role to play in Farzana and Harvey and Robbins? No, I think it does have to be considered, Your Honor, because obviously there has to be a court given between the rules, and that's where I think that that's why there's more focus placed on Rule 3, which initiates and establishes how a case is commenced before the district court. Well, I'm trying to get a handle on whether there's any distinction here. You're trying to distinguish between what Rule 3 says and what Rule 5 says. Rule 5 says delivery to the clerk is sufficient. And I think also when you look at that circumstance, what constitutes delivery to the clerk under Rule 5? Delivery to the clerk under the local rules is, again, uploading to the ECF system. All that occurs when the PDF is emailed to the district court clerk is that what is called a shell of a case is opened, and that that is not delivery, that under Rule 5, it would be the defendant and appellant's position that that is not delivery to the clerk under Rule 5. Thank you, Your Honor. All right, thank you. You have one minute, counsel. Thank you, Your Honor. The distinction between Rule 3 and Rule 5 is Rule 3 addresses when an action is commenced. Rule 5 defines and prescribes how it is filed. And so this is a Rule 5 case, and it would be an appellant's position that the filing is set forth in D4 that once it's delivered to the court, once it's delivered to the clerk, it's deemed to be delivered to the court. That is how it gets to the court is through the clerk. That is the avenue that it's done. I would just like to also address on Harvey, my reading of that case, I believe counsel said, well, they also complied with the ECM system. The issue in that case was they violated the local rules, and that is why the court had dismissed that action. Initially they had argued against that appeal. I'm sorry, that was for appeal, but they had argued. They had violated it, and the court treated it as if that was a violation. My reading of that case, this court treated it as if that was a violation, but the issue was whether or not that had been, in fact, delivered to the court, and that was sufficient. Thank you. All right, thank you.